## Wheeler *v.* Blandin.

A witness, on being asked how much hay a certain stack contained, answered, "I cannot tell how much it would weigh. I can guess at it, or can give an opinion without guessing. My opinion is, that it would weigh about four tons I neither weighed it nor measured it." *Held,* that as it did not appear that he examined the hay sufficiently to form an opinion, the testimony was incompetent.

Trover for a quantity of hay.

The defendant, by his pleadings, confessed the plaintiff's action and damages to a certain amount, and pleaded the general issue as to the residue.

The quantity of hay taken, and its value, were the questions to be determined.

To show the quantity, the deposition of Ira Howland was offered in evidence by the plaintiff. He was asked how much hay the stack contained, — to which he replied in his answer : "I cannot tell how much it would weigh. I can guess at it, or give an opinion without guessing. My opinion is, that it would weigh about four tons. I neither weighed it nor measured it." To this answer the counsel for the defendant objected, as being only the opinion of the witness, and the Court ruled out the evidence, to which ruling the plaintiff excepted. A verdict was then taken by consent for the amount of the damages confessed, which was to be set aside and a new trial granted if the ruling of the Court should be deemed erroneous, — but if otherwise, such proper judgment to be rendered as this Court should order.

*H. A.* and *W. J. Bellows,* for the plaintiff. The testimony of Howland about the weight of the hay was competent evidence.

I. If this were an opinion, it was the best and most direct evidence, short of actual weighing, and the only intelligible evidence that could be given. In certain every-day matters, such as distance, size, color, weight, identity, handwriting, and the like, we are all constantly obliged to judge, and we do judge correctly without any particular consideration how we have done so. Our opinions or judgment in these matters, if they are conclusions, are conclusions dependent on so many or such small circumstances, that it would hardly be possible for a witness to state these circumstances to the jury, that they might draw the conclusions for themselves.

And, were it possible, yet we are so in the habit of drawing conclusions, and so little wont to attend to the facts from which we have drawn them, that the conclusions would be more reliable than any statement of the facts that we might attempt. Besides, such a statement of these details as a witness unskilled in sifting and sorting them could give, confused as it must be, and coming to the jury in a way and form so new to them, would give them no aid in forming an opinion.

If this view be correct, the reason why opinions are not generally received, as given in *Peterborough* v. *Jaffrey*, 6 N. H. Rep. 462, and in *Gibson* v. *Williams*, 4 Wend. 326, — " because the jury possess sufficient experience to enable them to make the proper inferences from the facts " — does not apply here, — for it is impossible to give them the facts on which the opinion is based, or to give them the facts in such form that they shall come, or seem to come, within their experience.

And testimony analagous to that of Howland has often been received, and we suppose on these grounds ; opinions are received of distance and number, of character, of the time of day, of the identity of persons, of the darkness of a night, whether certain words were written by one whose writing the witness has seen, whether a person was intoxicated. 1 Greenl. 80, 488. So, judgment of the quality of timber seems to have been admitted without objection on this ground. *Green* v. *Donaldson*, 16 Verm. 162. The opinion of one not a physician as to the general health of a person. *Brown* v. *Lester*, 1 Geo. Decis. 77 ; 4 U. S.

Wheeler *v.* Blandin.

Dig. 687, No. 713. So, that witness considered a surety good. 2 U. S. Dig. 260, No. 1286. So, that one lived extravagantly. *Griffin* v. *Brown*, 2 Pick. 308.

II. We say that the statement of the witness was not his mere opinion, — was not a *conclusion* drawn by him from a certain state of facts, but it was the direct expression of his observation, and no more a matter of opinion than a statement of distance or size not measured, of number not counted, or of color. Of these things men judge directly and without any deductions.

If, instead of stating his judgment of the weight, the witness had said he had not measured, but thought the stack sixteen feet high, thirty long, and twenty wide, or had compared its size to that of some object in the room, this would have been just as much a matter of opinion as the evidence to which the defendant objected.

The witness evidently chose to state his belief in this form from some distrust of his observation, and as a witness is not bound to speak with such certainty as to show that he has no doubt in his own mind, this distrust can affect only the weight of his evidence, not its competence. 1 Greenl. Ev. 488.

*Bingham*, for the defendants.

I. In general the opinion of witnesses is not evidence. 1 Greenl. Ev. 514. *Rochester* v. *Chester*, 3 N. H. Rep. 349; *Peterborough* v. *Jaffrey*, 6 Ib. 462; *Whipple* v. *Walpole*, 10 Ib. 132; *Beard* v. *Kirk*, 11 Ib. 397; *Davis* v. *Mann*, 4 Pick. 156; *Rider* v. *Ocean Ins. Co.* 20 Ib. 259.

II. The exception to the above rule is, that persons of skill and knowledge in particular branches, are permitted to give opinions in some cases wherein they have peculiar skill and knowledge.

III. The case clearly shows the answer of the witness to be purely his opinion, and that too without any pretence at showing, or attempt to show, peculiar skill and knowledge on the part of the witness in reference to such matters as that upon which he gives his opinion. Nor is there any attempt to state what the facts were upon which the opinion is founded.

GILCHRIST, C. J.   In many cases the opinion of a witness, as it is sometimes called, or the judgment of a witness, must be taken as evidence, on account of the difficulty, from the nature of the case, in procuring more positive and accurate testimony. Thus, it is the common practice to permit the witness to state, where he has had any means of observation, his judgment as to time, distance, length, &c.   This is where the witness has had an opportunity to form an estimate more or less accurate and reliable of the time, &c., which is a subject of inquiry.

But if he should state that he knew nothing about the subject of inquiry, and should show that he was not in a situation to form any judgment, he should not be permitted to express any. Such estimate would not aid the jury, who, in such a case, would be as competent as the witness, to form a judgment.   In order to be permitted to say something concerning the matter, the witness should know something.   But the witness here did not assume to know.   He said he could guess, or could give an opinion without guessing.   His guesses are nothing, — mere random shots.   His opinion is worthless, for it does not appear that he examined the hay sufficiently to form an opinion.   If it had appeared that, although he neither weighed it nor measured it, he had examined it enough to form some judgment concerning it, the case might be different.   But as it does not so appear, we think the evidence was properly rejected.

*Judgment on the verdict.*